**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASHLEY ANDREWS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:06-cv-00209-RCJ-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT B. RAPHAELSON, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the following motions:

(1) Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Motion for Extension of Time to Conduct Discovery and Continuance of Trial (#104), filed on November 22, 2006; Plaintiffs' Consolidated Opposition to the Raphaelson Defendants' (I) Motion to Extend Discovery and Continue the Trial Date; (II) Motion to Compel Production of the Original Audiotapes for Expert Examination; and (III) Motion to Compel Depositions of Plaintiffs' Experts (#118), filed on December 6, 2006; Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Reply to Plaintiffs' Opposition to Defendants' Motion for Continuance of Trial (#126), filed on December 18, 2006; and Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Reply to Plaintiffs' Opposition to Defendants' Motion for Extension of Time to Conduct Discovery (#127), filed on December 18, 2006.

(2) Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Motion to Compel Production of Original Tape Recordings for Expert Inspection (#109), filed on

November 30, 2006; Plaintiffs' Consolidated Opposition to the Raphaelson Defendants' (I) Motion to Extend Discovery and Continue the Trial Date; (II) Motion to Compel Production of the Original Audiotapes for Expert Examination; and (III) Motion to Compel Depositions of Plaintiffs' Experts (#118), filed on December 6, 2006; and Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Reply to Plaintiffs' Opposition to Defendants' Motion to Compel Production of Original Tape Recordings for Expert Inspection (#125), filed on December 18, 2006.

      (3)     Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Motion to Compel Deposition Testimony by Plaintiffs' Expert Witnesses, John Donaldson and Marianne L. Demario (#114), filed on December 1, 2006; Plaintiffs' Consolidated Opposition to the Raphaelson Defendants' (I) Motion to Extend Discovery and Continue the Trial Date; (II) Motion to Compel Production of the Original Audiotapes for Expert Examination; and (III) Motion to Compel Depositions of Plaintiffs' Experts (#118), filed on December 6, 2006; and Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Reply to Plaintiffs' Opposition to Defendants' Motion to Compel Deposition Testimony by Plaintiffs' Expert Witnesses, John Donaldson and Marianne L. Demario (#124), filed on December 18, 2006.

      (4)     Plaintiffs' Motion to Exclude Defendants Robert B. Raphaelson's, Lucille R. Raphaelson's and Kentucy Blue Stables' Expert Witnesses (#116), filed on December 6, 2006; Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Opposition to Plaintiffs' Motion to Exclude Defendants' Expert Witnesses (#131), filed on December 21, 2006; Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Witnesses of Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables (#140), filed on January 2, 2007.

      (5)     Plaintiff's Motion for a Protective Order (#129), filed on December 20, 2006 and Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucky Blue Stables' Opposition to Plaintiffs' Motion for a Protective Order (#143), filed on January 4, 2007.

     The Court heard argument on Motions #104, #109, #114, and #116 on January 9, 2007. The Court also advised counsel at that time, that it would probably decide Plaintiff's Motion for Protective Order (#129) in conjunction with its decision on the foregoing motions.

**BACKGROUND**

This action was commenced in Nevada state court on January 24, 2006 and removed to Federal Court by Defendants on February 21, 2006. Plaintiffs alleged that Defendants secretly and fraudulently sold nominations in thoroughbred stallions without informing Plaintiffs of such sales, or paying Plaintiffs their share of the nomination sales in violation of the parties' joint venture agreement. Plaintiffs' complaint alleges violation of the federal and Nevada RICO statutes, breach of fiduciary duty, fraud, conversion, and seeks to impose an equitable lien and constructive trust and obtain an accounting. In response to the complaint, Defendants filed motions to dismiss which were denied by the court on June 5, 2006 and Defendants thereafter filed their answers.

The parties filed their initial discovery plan and scheduling order on May 4, 2006, which was approved by the Court and which set a discovery cut-off date of September 18, 2006. On July 19, 2006, the parties submitted a stipulation to extend the discovery deadlines, which was approved by the Court on July 24, 2006, and which extended the discovery cut-off date to December 19, 2006. The order extending discovery deadlines further provided that the last date for expert witness disclosures would be October 19, 2006 and the last date for the parties to disclose rebuttal experts would be November 20, 2006. On October 23, 2006, the court set trial in this case for March 27, 2007, with calendar call on March 21, 2007.

Plaintiffs timely disclosed their two expert witnesses, John Donaldson, an appraiser, and Marianne L. DeMario, an economic loss expert, on October 19, 2006. Defendants did not disclose any experts by the initial expert disclosure deadline. On November 20, 2006, Defendants served an expert witness disclosure for their rebuttal experts. Defendants' disclosure states that they intend to call Richard Thalheimer, Ph.D. to rebut the testimony of Plaintiffs' economist expert, and Michael S. Brown to rebut the testimony of Plaintiffs' appraiser. Defendants' disclosure also stated that they would call one or more of three experts employed by BEK TEK, LLC, for purposes of inspecting an audio recording of a November 10, 2005 phone call between Plaintiff Ashley Andrews and Robert Raphaelson which Plaintiff Andrews recorded without the knowledge or consent of the Defendant. Plaintiffs' expert disclosure provided Dr. Thalheimer's *curriculum vitae*, a list of his publications and prior testimony and *curriculum vitae* for the three BEK TEK experts. It does not appear that any

*curriculum vitae* was provided for Defendants' appraiser, Michael S. Brown, although his qualifications are briefly described in the disclosure.

Defendants did not provide any reports for its experts. As to Dr. Thalheimer, Defendants stated that due to other commitments, he would not be able to provide a report until late February 2007 and that Mr. Brown would not be able to provide his report until February 2007. Defendants explained their inability to provide reports for these experts by the November 20, 2006 rebuttal expert disclosure deadline due to the difficulty in locating available expert witnesses in the specialized area of thoroughbred horses who did not have conflicts of interest which would preclude them from testifying. As to the BEK TEK experts, Plaintiffs stated that they would provide their report once they had the opportunity to inspect the original recordings of the November 10, 2005 phone call to determine whether it had been altered.

On November 22, 2006, Defendants filed their Motion for Extension of Time to Conduct Discovery and Continuance of Trial (#104), arguing that additional discovery time was needed based on Plaintiffs' failure or refusal to produce the original audio recordings for inspection by Defendants' expert, the difficulty that Defendants had in locating and retaining their rebuttal appraiser and economics expert and the additional time needed to depose the expert witnesses for both parties.

On November 30, 2006, Defendants also filed their Motion to Compel Production of Original Tape Recordings for Expert Inspection (#109). Plaintiffs state that they disclosed the existence of the audio recording in their Rule 26(a) initial disclosures. Defendants served requests for production of the recordings on September 1, 2006. Counsel discussed providing the audio recordings during Defendant Robert Raphaelson's deposition on October 23, 2006, and it appears that there was a tentative agreement for the Defendants to have the recordings inspected by an expert to determine if they had been altered. This tentative agreement broke down when Defendants subsequently requested that the original recordings be sent to Defendants' experts, BEK TEX, in Virginia. Plaintiffs' concerns were apparently twofold, the potential for loss of the original recordings and also because portions of the original recording contained privileged communication between Plaintiff and her counsel which the court held Defendants are not entitled to obtain. Although Defendants subsequently proposed to have their experts inspect the recordings in Las Vegas, Nevada, Plaintiffs now object on the grounds that

1  Defendants did not timely seek the recordings, designate their experts or avail themselves of the
2  opportunity for counsel or Mr. Raphaelson to listen to the recordings.  Plaintiffs further contend that
3  there is no legitimate issue regarding the authenticity or alteration of the recordings and that Defendant
4  Raphaelson did not dispute the content of the recordings, or transcript thereof, at his recent deposition.
5       On December 1, 2006, Defendants filed their Motion to Compel Testimony by Plaintiffs' Expert
6  Witnesses John Donaldson and Marianne L. Demario (#114).  Prior to filing this motion, Plaintiffs
7  advised Defendants that their experts would be available for depositions on December 18 and 19, 2006,
8  the last two days of discovery.  Defendants' counsel sought to reschedule the depositions to earlier in
9  December based on his unavailability to conduct the depositions on December 18-19.  Plaintiffs advised
10 that its experts were not available for discovery earlier in December, and consequently, Plaintiffs'
11 experts have not been deposed.
12      Finally, Plaintiffs have filed a Motion for a Protective Order (#129) regarding interrogatories
13 and requests for production that were propounded to them by Defendants on November 20, 2006 and
14 additional discovery requests propounded on December 18, 2006, on the grounds that they were not
15 served in sufficient time prior to the December 19, 2006 discovery cut-off date to require responses
16 from Plaintiffs within the discovery period.

## DISCUSSION

18      Rule 26(a)(2)(B) requires the parties to disclose their expert witnesses by providing the
19 opponent with a written report prepared and signed by the expert which contains a complete statement
20 of all opinions to be expressed and the basis and reasons therefor.  Rule 26(a)(2)(C) further states that
21 "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified
22 by another party under paragraph (2)(B), the disclosure must be made within 30 days after the
23 disclosure made by the other party."  The Advisory Committee Notes to the 1993 Amendments to Rule
24 26 further state that "[n]ormally the court should prescribe a time for these disclosures in a scheduling
25 order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose
26 its expert testimony on that issue before other parties are required to make their disclosures with respect
27 to that issue."
28 . . .

1          LR-26-1(e)(3) modifies Rule 26(a)(2)(C) only insofar as providing the time for disclosure of
2  initial expert reports and rebuttal expert reports.  Absent a scheduling order providing otherwise, Rule
3  26(a)(2)(C) and LR-26-1(e)(3) provide the same deadlines for each party to disclose its expert witnesses
4  and for disclosure of rebuttal expert opinions in response to the other party's initial expert disclosures.
5  In this case, the parties' stipulated discovery plan and scheduling order, and the extensions thereof,
6  followed the dictate of LR-26-1(e)(3) without modifying or elaborating on the manner in which the
7  expert disclosures would be made.

8          Under Fed.R.Civ.Pro. 37(c)(1), the failure of a party to disclose its expert's opinions in
9  compliance with Rule 26(a)(2) generally results in the party violating the rule being automatically
10 barred from using the expert opinion evidence at trial unless the party violating the Rule proves that
11 such failure was substantially justified or is harmless.  In *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*,
12 259 F.3d 1101, 1106 (9th Cir. 2001), the court stated that district courts have particularly wide latitude
13 in exercising their discretion under Rule 37(c)(1).  The court, citing *Konski v. Mahlab*, 156 F.3d 255,
14 269 (1st Cir. 1998), further noted that this particular subsection of Rule 37, implemented in the 1993
15 amendments to the Rules, was a recognized broadening of the sanctioning power and clearly
16 contemplated stricter adherence to discovery requirements and harsher sanctions for breach of the rules.
17 *Yeti By Molly Ltd.* noted that courts have upheld the use of the sanction of expert witness exclusion
18 even when a litigant's entire cause of action or defense has been precluded.  *Id., citing Ortiz-Lopez v.*
19 *Sociedad Espanola de Auxilo Mutuo Y Beneficianece de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001).
20 Two express exceptions in Rule 37(c)(1), however, ameliorate the harshness of the Rule.  The
21 information may be used if the party's failure to disclose was substantially justified or harmless.  It is
22 the obligation of the party facing sanctions to show that its failure to comply with Rule 26(a)(2) was
23 either justified or harmless.  *Yeti By Molly Ltd., supra,* at 1107.  In *Wong v. Regents of the University of*
24 *California*, 410 F.3d 1052 (9th Cir. 2005), the court affirmed the district court's order excluding
25 plaintiff's expert witnesses who were designated after the expert witness disclosure date.  *See also*
26 *Quevedo v. Trans-Pacifico Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) (affirming district court's
27 order excluding plaintiff's sole liability expert.)
28 . . .

Given the allegations in this case, it should have been no surprise to Defendants that Plaintiffs would designate an expert witness appraiser and economist expert to prove their damages claims. Thus, Defendants arguably should have made reasonable efforts to locate and retain suitable appraisal or economics experts to review any expert reports likely to be disclosed by Plaintiffs. As best the Court can determine from the briefs, Defendants did not commence their efforts to obtain rebuttal expert witnesses until after they received Plaintiffs' experts' reports. Upon receiving Plaintiffs' experts' reports, Defendants also did not promptly move to extend the rebuttal expert disclosure deadline, before its expiration on November 20, 2006. That said, Defendants argue that the field of available experts qualified to express opinions in the specialized area involved in this case is relatively narrow and limited by conflicts which prevent otherwise qualified experts from testifying in this case, or obtaining rebuttal experts who could produce expert rebuttal reports by the disclosure deadline. Defendants also, at least, partially complied by identifying their experts by the rebuttal disclosure date. Shortly after the deadline, Defendants also moved to extend the rebuttal expert disclosure deadline. Defendants have not met their burden to show that their inability to provide rebuttal expert reports by the November 20, 2006 rebuttal expert disclosure deadline was substantially justified. There are, however, at least some extenuating circumstances.

Although an extension of the rebuttal expert deadline will likely require a continuance of the March 27, 2007 trial date, the Court concludes, on balance, that Plaintiffs will not be unfairly prejudiced by such an extension or continuance. This case has been pending for less than one year. In addition, Plaintiffs' experts were not made available for deposition until the last two days of the discovery period, when Defendants' counsel was not available to depose them. At the hearing on these motions, Plaintiffs' counsel also advised the Court that there is some limited additional discovery that Plaintiffs need to conduct based on documents or information disclosed by Defendants near the end of the discovery period. Finally, the Court concludes that Defendants' failure to comply with the rebuttal expert disclosure deadline is not so egregious that they should be precluded from presenting expert testimony to rebut the opinions of Plaintiffs' appraisal and economic damages experts. Although some prejudice always exists when a trial date must be postponed, the Court concludes that a brief postponement of the trial date to allow for the completion of expert and other discovery, is not so

1  prejudicial that relief should be denied.

2       The Court, however, will not extend or reopen discovery to permit Defendants to obtain expert
3  testimony from the BEK TEK experts regarding possible alterations to the November 10, 2005
4  recording of the telephone call between Plaintiff Andrews and Defendant Robert Raphaelson.  It is
5  undisputed that Plaintiffs disclosed this recorded conversation in their initial disclosures.  Defendants,
6  however, did not request production of the recording until September 1, 2006 and apparently made no
7  effort to actually obtain/compel production of the recording for inspection until late October 2006.
8  There is no dispute that Andrews and Raphaelson engaged in a telephone conversation on November
9  10, 2005.  Nor have Defendants presented any evidence, or even reliable allegation, that the audio
10 recording has, in fact, been altered such that Defendants' statements during the conversation are
11 misrepresented.  Defendants and their counsel have not availed themselves of the opportunity to listen
12 to the audio recording to determine whether they have any legitimate concern that it accurately records
13 Defendant's statements.

14      Whether the recording is inadmissible under Nevada law because Defendant did not consent to
15 the recording of the conversation has not yet been decided.  Assuming that the recording is not
16 inadmissible on this basis, Plaintiffs have the initial burden to present sufficient prima facie evidence
17 that the recording is authentic.  *See* Fed.R.Evid. 901(a).  If Plaintiffs meet their burden, then the burden
18 shifts to Defendants to rebut the prima facie showing by presenting evidence which would raise
19 questions regarding its authenticity.  *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.*, 505 F.Supp.
20 1190, 1219-20 (E.D.Pa. 1980).  Plaintiffs have not designated any expert witness to authenticate the
21 accuracy of the recording and may not be required to do so.  Thus, Defendants' proposed experts will
22 not be testifying in rebuttal to any opinions expressed by experts called by the Plaintiffs.  The Court
23 concludes that Defendants should have timely sought production and inspection of the recording and
24 disclosed appropriate experts before the initial expert witness disclosure deadline if they wished to raise
25 a question regarding the alteration of the recording.  Additionally, the Court finds that Defendants have
26 not raised any serious issue regarding alteration of the recording and allowing additional time for their
27 experts to inspect the recordings, for Plaintiffs to disclose rebuttal experts and for such experts to be
28 deposed, would unnecessarily delay completion of discovery, with no reasonable basis for concluding

1  that such delay is reasonable or necessary.

2        The Court also finds that Defendants have been guilty of unreasonable delay in serving written discovery on Plaintiffs, which they first served on November 20, 2006, less than 30 days before the discovery cut-off date and which they supplemented by additional discovery requests propounded only one day before the discovery cut-off date.  Defendants should have commenced their general written discovery well before the discovery cut-off date, which in this case, includes one previous extension of the scheduling order.  Defendants have not made any showing that there were reasonable grounds to serve its discovery requests less than 30 days before the discovery cut-off date in this action, and the Court would not otherwise extend or reopen discovery for that purpose alone.  Although the Court will extend discovery in regard to the disclosure of expert rebuttal reports and depositions of the experts, the Court will not reopen discovery in regard to Defendants' untimely written discovery requests.

      At the hearing on these motions, Plaintiff made the oral request to conduct additional discovery depositions in regard to documents or information that was first disclosed by Defendants shortly before the discovery cut-off date.  Defendants did not make any specific objection to that proposed discovery and are not in a position to do so if the Court grants their request for an extension of the discovery deadlines.  Accordingly,

      **IT IS HEREBY ORDERED** as follows:

      1.    Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Motion to Compel Production of Original Tape Recordings for Expert Inspection (#109) is **denied.**

      **2.**    Motion to Compel Testimony by Plaintiffs' Expert Witnesses John Donaldson and Marianne L. Demario (#114) is **granted** to the extent that discovery is reopened until **March 14, 2007** for the parties to complete expert witness discovery and depose each others' expert witnesses.

      3.    Plaintiffs' Motion to Exclude Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Expert Witnesses (#116) is **granted,** in part in that Defendants' BEK TEK, LLC expert witnesses regarding proposed inspection of the audio recording are excluded.

      4.    Plaintiffs' Motion to Exclude Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Expert Witnesses (#116) is **denied,** in part, as to Defendants' rebuttal expert witnesses Richard Thalheimer, Ph.D. and Michael S. Brown, *provided that* Defendants fully comply

with the requirements of Fed.R.Civ.Pro. 26(a), including providing written reports by both experts on or before February 12, 2007.

     5.     Defendants Robert B. Raphaelson, Lucille R. Raphaelson and Kentucy Blue Stables' Motion for Extension of Time to Conduct Discovery and Continuance of Trial (#104) is **granted,** in part, in that discovery is reopened to **March 14, 2007** for purposes of completing expert witness deposition discovery and also to permit Plaintiffs to conduct the limited discovery made in its oral motion to Court regarding the documents or information disclosed by Defendants shortly before the discovery cut-off date.

     **6.**     Plaintiffs' Motion for a Protective Order (#129) is **granted.**

     **IT IS FURTHER ORDERED** that as a result of the foregoing orders, the March 27, 2007 trial date in this case will likely have to be continued. The Court hereby directs that the parties confer with each other to determine whether they can complete the foregoing expert and other discovery without the necessity of postponing the trial date. The parties are hereby required to advise the Court on or before **January 19, 2007** whether they can complete the foregoing discovery without postponement of the trial date and/or if the parties will submit a proposed stipulation and order for continuance of a trial date.

     DATED this 12th day of January, 2007.

                                  _____
                                  GEORGE FOLEY, JR.
                                  U.S. MAGISTRATE JUDGE