1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8   ASHLEY ANDREWS et al.,                    )
                                              )
9              Plaintiffs,                     )
                                              )
10        v.                                   )          2:06-cv-209-RCJ-GWF
                                              )
11  ROBERT B. RAPHAELSON et al.,              )          **ORDER**
                                              )
12             Defendants.                     )
                                              )
13  _____ )

14

15                                 **BACKGROUND**

16          This case is on remand again from the Ninth Circuit.  (Ninth Circuit Op. (#470)).  In the

17  original case, the jury returned a verdict for Plaintiffs Ashley Andrews and Ashtonwood Stud

18  Associates against Defendants Robert Raphaelson and Kentucky Blue Stables for conversion,

19  breach of fiduciary duty, and fraud.  (Verdict Form (#313)).  The jury awarded a verdict of

20  $285,074 in compensatory damages and $1,600,000 in punitive damages against

21  Raphaelson.  (*Id*. at 4-5). Upon motion from Defendant Raphaelson, this Court reduced the

22  punitive damages award from $1,600,000 to $855,222 pursuant to Nevada Revised Statute

23  § 42.005(1)(a). (Mot. for Reduction of Punitive Damages (#314) at 2; Order (#354) at 2).  This

24  Court entered judgment "awarding plaintiffs $795,699 in compensatory damages with credit

25  for $510,625 already paid pursuant to the Court's earlier grant of partial summary judgment

26  on the plaintiffs' conversion claim; and awarding $855,222 in punitive damages for

27  [Raphaelson's] oppression, fraud, or malice."  (Judgment (#367)).

28          On the first appeal, the Ninth Circuit affirmed this Court's grant of partial summary

    judgment to Andrews, but reversed the Court's reduction of punitive damages pursuant to NRS

1  § 42.005.  (Ninth Circuit Op. (#448) at 5).  In reversing this Court's punitive damages

2  reduction, the Ninth Circuit held that

> [a]lthough the jury reported $285,074 in compensatory damages on its verdict
> form, it was specifically instructed to deduct $510,625 from its total
> compensatory damages award before reporting it on that form. Accordingly, we
> must presume that the jury's total compensatory damages award equaled
> $795,699 . . . The jury's punitive damages award of $1,600,000 is less than
> three times $795,699, so Nevada Revised Statutes section 42.005 cannot
> provide a basis for limiting the punitive damages awarded in this case.

7  (*Id*. at 4).  The Ninth Circuit remanded "with instructions either to reinstate the $1,600,000

8  punitive damages award or to specifically explain its basis for limiting the award, mindful that

9  a reviewing court must 'assume that the jury believed all the evidence favorable to the

10  prevailing party and drew all reasonable inferences in her favor.'" (*Id*. at 5).

11  On remand, this Court found that the award of $1,600,000 in punitive damages was

12  excessive as a matter of law under *Guaranty Nat'l Ins. Co v. Potter*, 912 P.2d 267, 273 (Nev.

13  1996) and reduced the judgment for punitive damages from $1,600,000 to $875,000.

14  (Remand Order (#460) at 2-3).

15  Plaintiffs appealed again.  On remand, the Ninth Circuit held that this Court had used

16  an abrogated state law excessiveness standard.  (Ninth Circuit Op. (#470) at 2-3).  The Ninth

17  Circuit reversed and remanded with instructions to reinstate the jury's punitive damages

18  award. (*Id.* at 5).  The Court now reinstates the jury's punitive damages award of $1,600,000.

19  **CONCLUSION**

20  For the foregoing reasons, IT IS ORDERED that the jury's punitive damages award of

21  $1,600,00 is reinstated.

22  The Clerk of the Court shall enter an amended judgment accordingly.

24  DATED: This 6th day of July, 2012.

United States District Judge

2