# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY ANDREWS et al., ) | |
| Plaintiffs, ) | |
| v. ) | 2:06-cv-209-RCJ-GWF |
| ROBERT B. RAPHAELSON et al., ) | **ORDER** |
| Defendants. ) | |

## BACKGROUND

This case is on remand again from the Ninth Circuit. (Ninth Circuit Op. (#470)). In the original case, the jury returned a verdict for Plaintiffs Ashley Andrews and Ashtonwood Stud Associates against Defendants Robert Raphaelson and Kentucky Blue Stables for conversion, breach of fiduciary duty, and fraud. (Verdict Form (#313)). The jury awarded a verdict of $285,074 in compensatory damages and $1,600,000 in punitive damages against Raphaelson. (*Id*. at 4-5). Upon motion from Defendant Raphaelson, this Court reduced the punitive damages award from $1,600,000 to $855,222 pursuant to Nevada Revised Statute § 42.005(1)(a). (Mot. for Reduction of Punitive Damages (#314) at 2; Order (#354) at 2). This Court entered judgment "awarding plaintiffs $795,699 in compensatory damages with credit for $510,625 already paid pursuant to the Court's earlier grant of partial summary judgment on the plaintiffs' conversion claim; and awarding $855,222 in punitive damages for [Raphaelson's] oppression, fraud, or malice." (Judgment (#367)).

On the first appeal, the Ninth Circuit affirmed this Court's grant of partial summary judgment to Andrews, but reversed the Court's reduction of punitive damages pursuant to NRS

1  § 42.005.  (Ninth Circuit Op. (#448) at 5).  In reversing this Court's punitive damages
2  reduction, the Ninth Circuit held that

> [a]lthough the jury reported $285,074 in compensatory damages on its verdict form, it was specifically instructed to deduct $510,625 from its total compensatory damages award before reporting it on that form. Accordingly, we must presume that the jury's total compensatory damages award equaled $795,699 . . . The jury's punitive damages award of $1,600,000 is less than three times $795,699, so Nevada Revised Statutes section 42.005 cannot provide a basis for limiting the punitive damages awarded in this case.

(*Id*. at 4).  The Ninth Circuit remanded "with instructions either to reinstate the $1,600,000 punitive damages award or to specifically explain its basis for limiting the award, mindful that a reviewing court must 'assume that the jury believed all the evidence favorable to the prevailing party and drew all reasonable inferences in her favor.'" (*Id*. at 5).

On remand, this Court found that the award of $1,600,000 in punitive damages was excessive as a matter of law under *Guaranty Nat'l Ins. Co v. Potter*, 912 P.2d 267, 273 (Nev. 1996) and reduced the judgment for punitive damages from $1,600,000 to $875,000. (Remand Order (#460) at 2-3).

Plaintiffs appealed again.  On remand, the Ninth Circuit held that this Court had used an abrogated state law excessiveness standard.  (Ninth Circuit Op. (#470) at 2-3).  The Ninth Circuit reversed and remanded with instructions to reinstate the jury's punitive damages award. (*Id.* at 5).  The Court now reinstates the jury's punitive damages award of $1,600,000.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the jury's punitive damages award of $1,600,00 is reinstated.

The Clerk of the Court shall enter an amended judgment accordingly.

DATED: This 6th day of July, 2012.

_____
United States District Judge

2