**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASHLEY ANDREWS et al.,

    Plaintiffs,

    v.

ROBERT B. RAPHAELSON et al.,

    Defendants.

2:06-cv-209-RCJ-GWF

**ORDER**

Currently before the Court are Defendant Robert B. Raphaelson's Motion for Remittitur or New Trial as to Punitive Damages (#484) and Plaintiff Ashley Andrews and Ashtonwood Stud Associates, L.P.'s Motion for Entry of a Corrected Judgment Pursuant to FRCP 60(a) (#487).

**BACKGROUND**

The Ninth Circuit has remanded this case twice. In the original case, the jury returned a verdict for Plaintiffs Ashley Andrews and Ashtonwood Stud Associates against Defendants Robert Raphaelson and Kentucky Blue Stables for conversion, breach of fiduciary duty, and fraud. (Verdict Form (#313)). The jury awarded a verdict of $285,074 in compensatory damages and $1,600,000 in punitive damages against Raphaelson. (*Id*. at 4-5). Upon motion from Defendant Raphaelson, this Court reduced the punitive damages award from $1,600,000 to $855,222 pursuant to Nevada Revised Statute § 42.005(1)(a). (Mot. for Reduction of Punitive Damages (#314) at 2; Order (#354) at 2). This Court entered judgment "awarding plaintiffs $795,699 in compensatory damages with credit for $510,625 already paid pursuant to the Court's earlier grant of partial summary judgment on the plaintiffs' conversion claim; and

1  awarding $855,222 in punitive damages for [Raphaelson's] oppression, fraud, or malice."
2  (Judgment (#367)).

3  On the first appeal, the Ninth Circuit affirmed this Court's grant of partial summary
4  judgment to Andrews, but reversed the Court's reduction of punitive damages pursuant to NRS
5  § 42.005. (Ninth Circuit Op. (#448) at 5). In reversing this Court's punitive damages
6  reduction, the Ninth Circuit held that

> [a]lthough the jury reported $285,074 in compensatory damages on its verdict form, it was specifically instructed to deduct $510,625 from its total compensatory damages award before reporting it on that form. Accordingly, we must presume that the jury's total compensatory damages award equaled $795,699 . . . The jury's punitive damages award of $1,600,000 is less than three times $795,699, so Nevada Revised Statutes section 42.005 cannot provide a basis for limiting the punitive damages awarded in this case.

11 (*Id*. at 4). The Ninth Circuit remanded "with instructions either to reinstate the $1,600,000
12 punitive damages award or to specifically explain its basis for limiting the award, mindful that
13 a reviewing court must 'assume that the jury believed all the evidence favorable to the
14 prevailing party and drew all reasonable inferences in her favor.'" (*Id*. at 5).

15 On remand, this Court found that the award of $1,600,000 in punitive damages was
16 excessive as a matter of law under *Guaranty Nat'l Ins. Co v. Potter*, 912 P.2d 267, 273 (Nev.
17 1996) and reduced the judgment for punitive damages from $1,600,000 to $875,000.
18 (Remand Order (#460) at 2-3).

19 Plaintiffs appealed again. On remand, the Ninth Circuit held that this Court had used
20 an abrogated state law excessiveness standard and, thus, had abused its discretion. (Ninth
21 Circuit Op. (#470) at 2-3). The Ninth Circuit held that *Bongiovi v. Sullivan*, 138 P.3d 433 (Nev.
22 2006) stated the correct standard. (*Id.*). The Ninth Circuit held that "[b]ecause both parties
23 [had] briefed the issue under the correct standard and the issue [was] purely one of law, [it
24 could] address the merits of this issue on appeal." (*Id.* at 3).

25 The Ninth Circuit held that, under *Bongiovi*, the courts were to consider "(1) the degree
26 of reprehensibility of the defendant's conduct, (2) the ratio of the punitive damage award to the
27 actual harm inflicted on the plaintiff, and (3) how the punitive damages award compares to
28 other civil or criminal penalties that could be imposed for comparable misconduct." (*Id.*). The

Ninth Circuit held that, if this Court had applied this test, this Court's application of these factors would have been reviewed de novo. (*Id.*). The Ninth Circuit then proceeded to apply the factors to the facts at hand. (*Id.*). The Ninth Circuit held that there was evidence that Raphaelson had engaged in a pattern of deliberate misconduct toward Andrews repeatedly over the course of five years, that Raphaelson had produced fabricated documents in discovery and had given false deposition testimony. (*Id.* at 3-4). The Ninth Circuit held that the second factor had been satisfied because the ratio of compensatory damages to punitive damages was barely over 2:1. (*Id.* at 4). The Ninth Circuit also held that the award compared favorably to other civil or criminal penalties that could have been imposed because it was only two-thirds of the statutory cap of NRS § 42.005 and no criminal charges had been brought against Raphaelson. (*Id.*). The Ninth Circuit reversed and remanded with instructions to reinstate the jury's punitive damages award. (*Id.* at 5).

Upon remand, this Court reinstated the jury's punitive damages award of $1,600,000. (Order (#482) at 2; Amended Clerk's Judgment (#483)).

The pending motions now follow.

## DISCUSSION

**I.   Defendant Raphaelson's Motion for Remittitur or New Trial as to Punitive Damages (#484)**

Raphaelson argues that this Court has not decided whether the jury's punitive damages award of $1,600,000 is excessive under *Bongiovi* and that it must do so pursuant to *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989). (Mot. for Remittitur (#484) at 4). Raphaelson asserts that the Ninth Circuit's comments about *Bongiovi* were dicta. (*Id.*). Raphaelson disputes the Ninth Circuit's factual application of *Bongiovi* to this case and asserts that portions of its application were in clear error. (*Id.* at 5-8). Raphaelson argues that, under *Bongiovi*, $1,600,000 in punitive damages is excess. (*Id.* at 12-16).

In response, Plaintiffs assert that Raphaelson's motion is frivolous. (Opp'n to Mot. for Remittitur (#485) at 2). Plaintiffs argue that the law of the case doctrine prevents this Court

3

from revisiting whether the jury's award of $1,600,000 in punitive damages was excessive under both NRS § 42.005 and *Bongiovi*. (*Id.*). Plaintiffs assert that Raphaelson may contest the Ninth Circuit's decision on the merits of the punitive damages issue by filing a petition for a writ of certiorari to the U.S. Supreme Court. (*Id.* at 3 n.2). Plaintiffs contend that the Ninth Circuit's review of the punitive damages award complied with *Browning-Ferris*. (*Id.* at 4-5).

Raphaelson filed a reply. (Reply to Mot. for Remittitur (#486)).

"The law of the case doctrine requires a district court to follow the appellate court's resolution of an issue of law in all subsequent proceedings in the same case." *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d. 1181, 1186 (9th Cir. 2001). The doctrine does not apply to issues not addressed by the appellate court, but the doctrine does apply to the appellate court's "explicit decisions as well as those issues decided by necessary implication." *Id.* at 1186-87.

In this case, the Ninth Circuit explicitly stated that "[b]ecause both parties [had] briefed the issue [of whether the jury's award of punitive damages was excessive] under the correct standard and the issue [was] purely one of law, [it could] address the merits of [that] issue on appeal." As such, the Ninth Circuit explicitly addressed the issue that Raphaelson now raises. Accordingly, the Court finds that the law of the case doctrine precludes this Court from addressing the same issue and denies Raphaelson's Motion for Remittitur or New Trial as to Punitive Damages (#484).

*Browning-Ferris* states that "[i]n reviewing an award of punitive damages, the role of the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered. The court of appeals should then review the district court's determination under an abuse-of-discretion standard." *Browning-Ferris*, 492 U.S. at 279, 109 S.Ct. at 2922. In this case, this Court did determine whether the jury's verdict was within the confines set by state law. In reviewing this Court's application, the Ninth Circuit held that this Court had abused its discretion because it had applied an abrogated standard. Therefore, both courts complied with *Browning-Ferris*. Additionally, the Court finds that if Raphaelson

1  believes that the Ninth Circuit exceeded its authority under *Browning-Ferris*, he must file a
2  petition for a writ of certiorari to the U.S. Supreme Court to have the decision reviewed.  *See*
3  36 C.J.S. Federal Courts § 371 (stating that "[a] petition must be filed to obtain a writ of
4  certiorari to review a decision of a court of appeals or a state court").  As such, the Court
5  denies Raphaelson's Motion for Remittitur or New Trial as to Punitive Damages (#484).

6  **II.     Plaintiffs' Motion for Entry of a Corrected Judgment (#487)**

7  Plaintiffs move for an entry of a second corrected judgment pursuant to FRCP 60(a).
8  (Mot. for Corrected J. (#487) at 2).  Plaintiffs assert that the amended judgment entered on
9  July 9, 2012 does not fully reflect this Court's adjudication of all the claims and all of the
10 parties' rights and liabilities that FRCP 54 requires, but instead only states that the "jury's
11 punitive damages award of $1,600,000 is reinstated." (*Id.*).  Plaintiffs argue that FRCP 60(a)
12 applies because, it is clear from this Court's July 9, 2012 order that it intended to revise the
13 amended judgment that this Court entered on July 7, 2011, only to the extent necessary to
14 reinstate the jury's punitive damages award. (*Id.* at 3).  Plaintiffs attach a proposed second
15 amended judgment.  (*See* Proposed Second Am. J. (#487-1)).

16 In response, Raphaelson argues that Plaintiffs cannot use Rule 60(a) to oppose his
17 motion for a remittitur.  (Opp'n to Mot. for Corrected J. (#488) at 2).

18 Pursuant to FRCP 60(a), "[t]he court may correct a clerical mistake or a mistake arising
19 from oversight or omission whenever one is found in a judgment, order, or other part of the
20 record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P.
21 60(a).  "A judge may invoke Rule 60(a) in order to make a judgment reflect the actual
22 intentions of the court, plus the necessary implications." *Blanton v. Anzalone*, 813 F.2d 1574,
23 1577 (9th Cir. 1987).

24 The Court grants Plaintiffs' motion for entry of a corrected judgment (#487).  Upon
25 remand the first time, this Court entered a first amended judgment that kept the language of
26 the original judgment but entered a different punitive damages amount. (*Compare* Original
27 J. (#367) at 1, *with* Amended J. (#468) at 1).  Upon this last remand, this Court entered an
28 amended judgment that simply stated "the jury's punitive damages award of $1,600,000 is

5

reinstated." (*See* Amended J. (#483) at 1). With the last amended judgment, the intention of the Court was to change the punitive damages amount of the original judgment to reflect a punitive damages award of $1,600,000. As such, the Court grants Plaintiffs' motion for entry of a corrected judgment (#487) and their proposed second amended judgment that reflects the Court's intentions. The Clerk of the Court will enter the proposed Second Amended Judgment (#487-1) in a separate docket entry.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Remittitur or New Trial as to Punitive Damages (#484) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Entry of a Corrected Judgment Pursuant to FRCP 60(a) (#487) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter the proposed Second Amended Judgment in a Civil Case located at Plaintiffs' Exhibit A (#487-1).

DATED: This 25th day of January, 2013.

_____
United States District Judge